# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

RANDALL A. CASTELLANI AND JOSEPH J. CORCORAN,

        Petitioners

        v.

THE SCRANTON TIMES, L.P. T/D/B/A THE SCRANTON TIMES AND THE TRIBUNE AND JENNIFER HENN,

        Respondents

: No. 477 MAL 2014
:
: Petition for Allowance of Appeal from
: the Order of the Superior Court

## *CONCURRING STATEMENT*

**CHIEF JUSTICE SAYLOR**        **FILED: March 3, 2016**

This interlocutory appeal is part of the same defamation case recently addressed in *Castellani v. Scranton Times, L.P.*, ___ Pa. ___, 124 A.3d 1229 (2015) ("*Castellani II*"), as referenced in the present Order.[1] In that appeal, this Court held that opinions written by Judges Garb and Feudale could be admitted at trial to prove malice on the part of the Newspaper. *See id.* at ___, 124 A.3d at 1245. I dissented from the majority's determination that undue prejudice as to the issue of falsity could be eliminated by a jury instruction that the opinions could only be considered for purposes of malice, at least in the context of a unified trial – that is, a single trial involving both questions. *See id.* at ___, 124 A.3d at 1246 (Saylor, C.J., concurring and dissenting).

---

[1] In *Castellani I*, *see Castellani v. Scranton Times, L.P.*, 598 Pa. 283, 956 A.2d 937 (2008) – also part of the same litigation – the Court considered whether the identity of the Newspaper's confidential source had to be disclosed.

Thus, if left to my own devices, I would presently approve the Superior Court's holding that redaction of various newspaper articles is necessary to the extent they quote or otherwise reference the Garb and Feudale opinions.

Nevertheless, I was in the minority in *Castellani II* and, as such, I agree that precedent requires vacation of the Superior Court's order in the present appeal. Furthermore, since the intermediate court's decision concerning the need for redaction was based in large part on a holding which has now been reversed, it seems likely that, on remand, the intermediate court will need to reach a different conclusion on the redaction issue in order to remain consistent with *Castellani II*.

As part of my responsive expression in *Castellani II*, I noted that bifurcation of the trial could "go a long way toward eliminating any unfair prejudice that the Newspaper would otherwise suffer from introduction of the [Garb and Feudale] opinions." *Id.* In response, the majority suggested that any bifurcation request would be "appropriate for the trial court upon remand if requested by the Newspaper." *Castellani II*, ___ Pa. at ___ n.13, 124 A.3d at 1245 n.13. I would observe, however, that: the Newspaper previously requested bifurcation at the trial court level; the request was denied; and the Newspaper's challenge to such denial was one of the issues it raised before the Superior Court in the present appeal. *See Castellani v. Scranton Times*, No. 1145 MDA 2012, *slip op.* at 15-20 (Pa. Super. June 10, 2014). Notably, that tribunal chose not to reach the merits of the issue based on its determination that the articles had to be substantially redacted. *See id.* at 34. On remand, therefore, the bifurcation issue will again be pending before the Superior Court. In this regard, to the extent the *Castellani II* majority's expression can be read to indicate that a second request for bifurcation must now be made by the Newspaper and ruled on initially by the trial court, it was *dicta*, as the bifurcation question was not before the *Castellani II* Court.